UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IAN D. TOMPKINS, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:14-cv-00122-AC |
| ) | |
| v. ) | OPINION AND ORDER |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

ACOSTA, Magistrate Judge:

Ian Tompkins ("plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Because the Commissioner's decision is supported by substantial evidence, the decision is AFFIRMED.

*Procedural Background*

Plaintiff filed his applications for SSI and DIB on February 3, 2010, alleging disability as of March 1, 2007. (Tr. 197-212.) The Commissioner denied his applications initially and upon reconsideration, and he requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 138-46.) An administrative hearing was held on February 17, 2012. (Tr. 44-72.) After the

Page 1 – OPINION AND ORDER

hearing, the ALJ issued an unfavorable decision on March 27, 2012, finding plaintiff not disabled. (Tr. 22-43.) The Appeals Council denied plaintiff's subsequent request for review, making the ALJ's decision final. (Tr. 1-6.) This appeal followed.

*Factual Background*

Born in January, 1977, plaintiff was 29 years old on his alleged disability onset date and 35 years old at the time of the hearing. (Tr. 197, 204, 259.) He attended school through the eleventh grade and has past work experience as a pricer, a portable machine sander, a gas station helper, and a kitchen helper. (Tr. 48, 64.) He alleges disability due to fibromyalgia, back pain, depressive disorder, and anxiety disorder. (Tr. 28, 51-52.)

*Standard of Review*

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [a court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141.

At step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant can still perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled; if she cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 141. At step five, the Commissioner must establish that the claimant can perform other work. *Id.* at 142; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

\ \ \ \ \

Page 3 – OPINION AND ORDER

### *The ALJ's Findings*

The ALJ performed the sequential analysis. At step one, he found that plaintiff had not engaged in substantial gainful activity since his amended alleged onset date of December 23, 2010. (Tr. 28.) At step two, the ALJ concluded that plaintiff had the following severe impairments: fibromyalgia syndrome, depressive disorder, not otherwise specified, and anxiety disorder, not otherwise specified. *Id.* At step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. (Tr. 29.)

The ALJ next assessed plaintiff's residual functional capacity ("RFC") and found that plaintiff could perform light work with the following limitations: he could perform only unskilled work requiring no more than one or two steps, and he could have only occasional interaction with the general public. (Tr. 31.) At step four, the ALJ found that plaintiff was unable to perform any of his past relevant work. (Tr. 35.) At step five, the ALJ determined that plaintiff retained the residual functional capacity to perform jobs that exist in significant numbers in the national economy, including housekeeping cleaner, floor worker, and basket filler. (Tr. 36-37.) The ALJ therefore concluded that plaintiff was not disabled. (Tr. 37-38.)

### *Discussion*

Plaintiff alleges the ALJ made the following five errors: (1) rejected the medical opinion of treating physician Susan Hansen, M.D.; and (2) improperly rejected the lay testimony of plaintiff's mental health providers. Plaintiff asserts that these two errors caused three additional errors by the ALJ: (3) incorrect assessment of the effect of plaintiff's combined impairments; (4) an inaccurate RFC assessment; (5) and error in the ALJ's step five findings. Because alleged

errors 3-5 flow solely from alleged errors 1 and 2, and the court finds no error by the ALJ in deciding the issues raised in alleged errors 1 and 2, it need not address alleged errors 3-5.

I.  Treating Physician Susan Hansen, M.D.

Plaintiff first argues that the ALJ erred by rejecting the opinion of treating physician Susan Hansen, M.D. The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008). The Ninth Circuit distinguishes between the opinions of three types of physicians: treating physicians, examining physicians, and non-examining physicians. The opinions of treating physicians are generally accorded greater weight than the opinions of non-treating physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). A treating doctor's opinion that is not contradicted by the opinion of another physician can be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991).

If a treating doctor's opinion is contradicted by the opinion of another physician, the ALJ must provide "specific, legitimate reasons" for discrediting the treating doctor's opinion. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). In addition, the ALJ generally must accord greater weight to the opinion of an examining physician than that of a non-examining physician. *Lester*, 81 F.3d at 830. As is the case with the opinion of a treating physician, the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990). If the opinion of an examining physician is contradicted by another physician's opinion, the ALJ must provide "specific, legitimate reasons" for discrediting the examining physician's opinion. *Lester*, 81 F.3d at 830. Specific, legitimate reasons for rejecting a physician's opinion may include its reliance on a claimant's discredited subjective complaints, inconsistency with medical records,

inconsistency with a claimant's testimony, and inconsistency with a claimant's daily activities. *Tommasetti v. Astrue*, 533 F.3d 1035, 1040-41 (9th Cir. 2008).

Dr. Hansen was plaintiff's treating physician from April 10, 2010 through December 10, 2010. (Tr. 503.) On December 23, 2010, Dr. Hansen completed a physical residual functional capacity assessment. *Id.* She opined that plaintiff suffered from chronic low back pain that persisted despite multiple medication trials. *Id.* Dr. Hansen also noted that plaintiff suffered from anxiety and depression, and that his symptoms would frequently interfere with his attention and concentration, affecting his ability to perform simple tasks. (Tr. 504.) Dr. Hansen also assessed limitations on plaintiff's ability to sit, stand, and work in one position during an eight-hour workday. (Tr. 504-05.) She stated that, during a regular workday, plaintiff would need to take several unscheduled breaks, and would be absent from work more than 4 days per month due to his impairments or their treatment. (Tr. 505-06.) At the hearing, the VE testified that an individual with these limitations would be incapable of performing competitive work. (Tr. 70.)

The ALJ rejected Dr. Hansen's opinion. First, he noted that Dr. Hansen's opinion was contradicted by other medical evidence in the record. (Tr. 32.) On March 29, 2010, consultative examining physician Daniel Saviers, M.D., examined plaintiff and wrote a detailed report on his physical and mental condition. (Tr. 459-61.) State Agency medical consultants Neal Berner, M.D., Joshua Boyd, Psy.D., and Sharon Eder, M.D., reviewed Dr. Savier's report along with other medical evidence and concluded that plaintiff was capable of performing competitive work. (Tr. 86-96, 113-23.) The ALJ was therefore required to provide specific, legitimate reasons for rejecting Dr. Hansen's controverted opinion. *Lester*, 81 F.3d at 830.

The ALJ provided legally sufficient reasons for rejecting Dr. Hansen's opinion. First, the ALJ stated that Dr. Hansen failed to account for plaintiff's history of drug and alcohol abuse.

(Tr. 32.) The likelihood that a claimant has exaggerated "complaints of physical pain in order to receive prescription pain medication" constitutes a specific and legitimate reason to reject the opinion of a physician that was unaware of this possibility. *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001). Here, although plaintiff argues that he has been clean and sober since September 2009, other evidence suggests that continued to misuse his prescription pain medication as recently as April 2011. (Tr. 463, 465, 511-12.)[1] On this record, Dr. Hansen's failure to address plaintiff's substance abuse was a specific and legitimate reason for rejecting her opinion.

Second, the ALJ found that Dr. Hansen's opinion was largely based upon plaintiff's unreliable subjective statements, which the ALJ found to be not credible. The ALJ may reject a doctor's opinion that relies to a large extent on the self-report of a claimant who has found to be not credible. *Turner v. Comm'r*, 613 F.3d 1217, 1223 (9th Cir. 2010). Here, the ALJ rejected plaintiff's testimony as unreliable, and plaintiff does not contest this finding. The ALJ also noted that Dr. Hansen's opinion was based on very limited clinical findings, consisting of tenderness in plaintiff's lower back, decreased range of motion, and an MRI indicating "mild central canal stenosis." (Tr. 503.) The Court thus finds that Dr. Hansen's opinion was largely based upon plaintiff's statements, and the ALJ therefore provided a second specific, legitimate reason for rejecting her opinion. *Bayliss*, 427 F.3d at 1216.

Third, the ALJ found that Dr. Hansen's opinion was brief, conclusory, and unsupported by her own records. Tr. 32. The ALJ may reject an inadequately supported, conclusory medical opinion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). As discussed above, Dr.

---

[1] The ALJ also noted that plaintiff ceased using narcotic pain medication from 2006 through 2010 while participating in a drug and alcohol treatment program, and during that time did not seek treatment for back pain. (Tr. 32.)

Page 7 – OPINION AND ORDER

Hansen's opinion was based on limited objective findings and relied in large part on plaintiff's discredited statements. (Tr. 503.) On this record, it was reasonable for the ALJ to conclude that these minimal findings were inadequate to support the degree of limitation assessed by Dr. Hansen. The ALJ thus provided a third specific, legitimate reason for rejecting Dr. Hansen's controverted opinion. The ALJ's evaluation of Dr. Hansen's opinion is affirmed.[2]

II.  Lay Testimony of Plaintiff's Mental Health Providers

Plaintiff next argues that the ALJ erred by rejecting statements made by plaintiff's providers at Jackson County Mental Health Services. The ALJ must to provide "germane reasons" for rejecting the testimony of "other" medical sources such as counselors and mental health specialists. 20 C.F.R. §§ 404.1513(d)(1), 416.913(d)(1); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). Here, however, plaintiff fails to identify specific functional limitations assessed by plaintiff's treating counselor or his intake worker at Jackson County Mental Health that the ALJ omitted from the RFC. (Tr. 31, 522-39.) The Court therefore affirms the ALJ's assessment of the other medical sources.

In sum, the ALJ did not err in his evaluation of the medical evidence, or the statements of the other medical sources. The Court finds that the ALJ properly considered the effects of plaintiff's combined impairments, formulated a correct RFC, and was entitled to rely upon the VE testimony in making his step five findings. The ALJ's decision is affirmed.

\\\\\

\\\\\

\\\\\

---

[2] The Court also disagrees with plaintiff's assertion that the Regulations require the ALJ to further develop the medical record, as there is adequate medical evidence in the record from both treating and examining physicians. *See Howard*, 782 F.2d at 1486 (the burden of proof rests upon the claimant to establish disability).

Page 8 – OPINION AND ORDER

*Conclusion*

The Commissioner's decision is supported by substantial evidence in the record, and it is therefore **AFFIMED**.

DATED this 20th day of May, 2015.

JOHN V. ACOSTA
United States Magistrate Judge